IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON OLAH, VERONICA OLAH, and JOHN OLAH,<br>  Plaintiffs,<br><br>    v.<br><br>THE BOROUGH OF BRENTWOOD, ROBERT VICKLESS, SCOTT HARDING, THE BOROUGH OF BALDWIN, TOM KEARNS, BRIAN HENDERSON, INDIVIDUALLY,<br>  Defendants. | Civil Action No. 04-219 |

MEMORANDUM ORDER

Gary L. Lancaster,　　　　　　　　　　　　　　　October 12, 2005
District Judge.

This is a civil rights and personal injury action. Plaintiffs, Jason Olah, Veronica Olah and John Olah, allege that defendants, the Boroughs of Brentwood and Baldwin, and officers Robert Vickless, Scott Harding, Tom Kearns, and Bruce Henderson, violated Jason's civil rights by falsely arresting (Count I) and imprisoning (Count II) him, and subjecting him to excessive force resulting in battery (Count V). 42 U.S.C. § 1983. This action stems from an incident on August 4, 2002, when Veronica summoned the Brentwood police to her home to have Jason, who suffers from severe depression, involuntarily committed pursuant to the Mental Health Procedures Act. 50 Pa. Cons. Stat. § 7301. Both Jason and his mother, Veronica, allege intentional infliction of emotional distress (Count IV) and Veronica contends that

defendants subjected her to an assault during the same incident (Count V). John, Jason's father, has alleged a claim for loss of consortium (Count VI). Plaintiffs seek compensatory and punitive damages.

Defendants have filed motions for summary judgment under Fed. R. Civ. P. 56(c). Specifically, defendants Borough of Baldwin and officers Kearns and Henderson argue that Jason's section 1983 claims against the officers must fail because the officers are entitled to qualified immunity; that Jason has failed to establish that the Borough of Baldwin had any custom or policy that caused a constitutional deprivation; and that plaintiffs have failed to establish that defendants' conduct was extreme, outrageous, or reckless so as to cause intentional infliction of emotional distress. Further, defendants argue that neither Jason nor his mother can prove that they were put in reasonable and immediate fear by the officers so as to constitute an assault.

Likewise, defendants Borough of Brentwood and officers Vickless and Harding argue that Jason cannot sustain his claims for false arrest and false imprisonment under 42 U.S.C. § 1983 because he cannot demonstrate that the arrest was initiated without probable cause, and that even if defendants' conduct resulted in unconstitutional violations, they are entitled to qualified immunity. Defendants further argue that plaintiffs'

claims for intentional infliction of emotional distress and assault must fail because plaintiffs have not set forth sufficient medical testimony documenting physical manifestations of harm, and because the Brentwood officer who responded to the Olah residence does not carry pepper spray, and thus, could not have assaulted plaintiffs as claimed.

In further support of their motions for summary judgment, defendants argue that Jason has failed to establish that the officers acted without probable cause when placing him into custody, and thus, he cannot support a cause of action for false arrest.

For the reasons that follow, the motions will be DENIED as to Counts I, II, III and V. Defendants' motions for summary judgment as to Count IV, intentional infliction of emotional distress, and Count VI, loss of consortium, are GRANTED.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendants' motions and plaintiffs' response thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes the entry of summary judgment in this matter.

There are numerous genuine issues of material fact in this case, including, whether Jason's arrest and/or physical restraint with the use of pepper spray, was initiated without probable cause to believe he committed a crime. A genuine issue of material fact also exists as to whether Jason was properly detained while awaiting involuntary commitment and whether the officers physically abused him during that time period. It is

also disputed whether Jason was assaulted by one or more of the defendants during transport, including whether he was intentionally thrown around in the backseat of the police car due to abrupt braking by the officer operating the vehicle.

There are also material facts in dispute to preclude summary judgement on Jason's section 1983 claims based on qualified immunity. It is well-settled that the relevant, fact-specific question in qualified immunity cases is whether any police officer could have, in light of the preexisting law, reasonably believed that his action was unlawful. Anderson v. Creighton, 483 U.S. 635, 639-41 (1987). Here, plaintiffs have placed on the record evidence, which if believed, would establish that Jason was arrested without probable cause and subjected to excessive force. A reasonable police officer in the same situation would have known that such conduct was unlawful.

Plaintiffs do not oppose defendants' motions for summary judgment as to Count IV (intentional infliction of emotional distress) or Count VI (loss of consortium). As such, no genuine issues of material fact exist as to those claims, and we will enter summary judgment as to those two counts.

Accordingly, this 12TH day of October, 2005, upon consideration of defendants' motions for summary judgment [document nos. 26 & 28], IT IS HEREBY ORDERED that defendants' motions are DENIED as to Counts I, II, III and V. Summary

5

judgment in favor of defendants is GRANTED on Counts IV and VI.

BY THE COURT:

_____ J.

cc:   All Counsel of Record